KESTENBAUM EISNER & GORIN LLP
ALAN EISNER, State Bar # 127119
14401 Sylvan Street, Suite 112
Van Nuys, CA 91401
Phone:       (818) 781-1570
Fax:         (818) 781-5033
Email:       ae@keglawyers.com

Attorney for Defendant
JUAN GIL

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 10 CR 00351-ODW-2 |
| Plaintiff | **MOTION FOR COURT ORDER COMPELLING THE GOVERNMENT TO PRODUCE EVIDENCE; DECLARATION; EXHIBITS** |
| vs. | |
| ARMANDO BARAJAS, et al., JUAN GIL (2) | Hearing Date: July 30, 2012 Hearing Time: 10:00 a.m. |
| Defendants | |

TO THE UNITED STATES ATTORNEY ANDRE BIROTTÉ JR. AND ASSISTANT UNITED STATES ATTORNEY REEMA EL-AMAMY and all interested parties:

**PLEASE TAKE NOTICE** that on July 30, 2012 at 10:00a.m., Defendant, Juan Gil, will make the following motion:

## MOTION

Defendants hereby move this Honorable Court for an order compelling the Government to produce to the defendants all evidence not previously produced that

1

1 relates to the use (or attempted use) of surveillance, informers and cooperating witnesses,
2 interception of oral, wire, or electronic communications, instances of specific criminal
3 activity alleged in the wiretap applications, and traditional investigative techniques in
4 pursuit of its investigation of the defendants in this case, any targets or subject of the
5 investigation, any reputed or suspected member or associate of "the Misquez
6 organization," the Black Angels, Ontario Vario Sur, Angelitos Negros, or Junior Black
7 Angels, or any unindicted co-conspirators.  The defendants specifically request that the
8 Court order the Government to produce all items requested in the discovery request letter
9 sent to United States Attorney Reema El-Amamy on July 1, 2011 (See Exhibit A).

The requested documents are material to the preparation of his defense because they bare directly on veracity, or lack thereof, declarant of the wiretap applications.  They are thus essential in order to prepare and litigate motions to suppress evidence.  The documents sought would likely change the outcome of a proceeding if disclosed, particularly the outcomes of motions to suppress evidence obtained from electronic surveillance, because they would enable the defense to properly evaluate and test the veracity of the declarants in the wiretap application.

This motion is based upon the attached Memorandum of Points and Authorities, exhibits, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

                                              Respectfully submitted

                                              KESTENBAUM EISNER & GORIN LLP

Dated: June 30, 2012                              */S/ ALAN EISNER*

                                              ALAN EISNER
                                              Attorney for Defendant
                                              JUAN GIL

# MEMORANDUM OF POINTS AND AUTHORITIES

## THE GOVERNMENT IS OBLIGATED TO DISCLOSE ALL EVIDENCE RELEVANT TO A POSSIBLE SUPPRESSION ISSUE OR TO PREPARING A DEFENSE

Discovery in connection with a possible suppression issue should be sought before, not during, a suppression hearing. *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir. 1999), *citing United States v. Pervaz*, 118 F.3d 1, 9-10 (1st Cir. 1997).[1]

The accused in a criminal case is entitled to compel the Government to produce all items that are "material to preparing the defense" or were "obtained from or belong to the defendant." Fed. R. Crim. P. 16(a)(1)(E).[2] Information is "material to the defense" if it is "relevant to the development of a possible defense," *United States v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984), "helpful to the defense," *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990), or could "enable the accused to substantially alter the quantum of proof in his favor." *United States v. Marshall*, 532 F.2d 1279, 1285 (9th Cir. 1976).

Relevance under Rule 16 is to be interpreted broadly in deference to the policy that "disclosure, rather than suppression, of relevant materials ordinarily promotes the

---

[1] Recognizing that the "pretrial stage is also the time during which many objections to the admissibility of types of evidence ought to be made," the Rules Advisory Committee also explained that Rule 16 was crafted "to contribute both to an informed guilty plea practice and to a pretrial resolution of admissibility questions." Fed. R. Crim. P. 16, advisory committee notes, 1974 amendment, *citing* ABA, Standards Relating to Discovery and Procedure Before Trial § 1.2 and Commentary pp. 40-43 (Approved Draft, 1970).

[2] Upon a defendant's request, the Government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
    (i)    the item is material to preparing the defense;
    (ii)   the Government intends to use the item in its case-in-chief at trial; or
    (iii)  the item was obtained from or belongs to the defendant.

proper administration of criminal justice." *Dennis v. United States*, 384 U.S. 855, 870, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966). *Accord United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993).[3]

Disclosure under Rule 16 is not limited to items in the possession of the attorney for the Government; it extends to all items "within the government's possession, custody, or control." Fed. R. Crim. P. 16.

The material requested herein is sought to enable defense counsel to meaningfully assist their clients in assessing the integrity of the representations made to the wiretap courts, *United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993) ("the due process principles announced in Brady and its progeny must be applied to a suppression hearing involving a challenge to the truthfulness of allegations in an affidavit for a search warrant"), and evaluating whether the judicial officers were provided "a full and complete statement of specific allegations indicating why normal investigative procedures failed or would fail in the particular case." *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001). The information is also needed in order to assess whether application is incomplete or contains incorrect information, in which case the reviewing court would be required to "determine the true facts and rely on the credible evidence produced at the suppression hearing to determine whether a reasonable district court judge could have denied the application because necessity for the wiretap had not

---

Fed. R. Crim. P. 16(a)(1)(E).

[3] The Rules Advisory Committee reported that Rule 16 embraced "the view that broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea" and emphasized that discovery available under Rule 16 is only "intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." Fed. R. Crim. P. 16, advisory committee notes 1974 amendment. Indeed, the Government's "unwillingness to go beyond the literal requirements of Rule 16" is not itself sufficient justification to deny discovery. *United States v. Green*, 144 F.R.D. 631, 642 (W.D.N.Y. 1992).

1  been shown." *United States v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir. 1988). Third, the
2  information is needed to evaluate whether the execution of the wiretap adhered to the
3  terms and conditions of the court's wiretap authorization. *United States v. Reyna*, 218
4  F.3d 1108, 1111 (9th Cir. 2000) ("a court may suppress evidence acquired through
5  eavesdropping if . . . the interception was not made in conformity with the order of
6  authorization or approval"), quoting 18 U.S.C. § 2518(10)(a)(iii).
7        The Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194,
8  10 L.Ed.2d 215 (1963), also obligates the Government to produce all evidence that is
9  material to the defense. "[T]he duty to disclose such evidence is applicable even though
10 there has been no request by the accused and that the duty encompasses impeachment
11 evidence as well as exculpatory evidence." *Strickler v. Greene*, 527 U.S. 263, 280, 119
12 S.Ct. 1936, 144 L.Ed.2d 286 (1999), *citing United States v. Agurs*, 427 U.S. 97, 107, 96
13 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and *United States v. Bagley*, 473 U.S. 667, 676, 105
14 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Under *Brady*, "evidence is material 'if there is a
15 reasonable probability that, had the evidence been disclosed to the defense, the result of
16 the proceeding would have been different.'" *Strickler*, 527 U.S. at 280, quoting *Bagley*,
17 473 U.S. at 682.
18       As with discovery under Rule 16, "the individual prosecutor has a duty to learn of
19 any favorable evidence known to the others acting on the government's behalf in this
20 case, including the police," *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 131
21 L.Ed.2d 490 (1995), because they must "turn over even evidence that is 'known only to
22 police investigators and not to the prosecutor.'" *United States v. Price*, 566 F.3d 900,
23 908 (9th Cir. 2009), *quoting Youngblood v. West Virginia*, 547 U.S. 867, 869-70, 126
24 S.Ct. 2188, 165 L.Ed.2d 269 (2006) (per curiam).
25       In the instant action, defense counsel for Juan Gil previously sent a letter
26 addressed to United States Attorney Reema El-Amamy on July 1, 2011, seeking all items
27
28

relevant to suppression issues and preparing a defense, particularly regarding the Government's wiretapping efforts. (Exhibit A.) As defense counsel has yet to receive these items, and as the Government is legally obligated to provide these items, defense counsel now requests the Court grant an order compelling the Government to provide these items.

## CONCLUSION

For the foregoing reasons, Mr. Gil respectfully requests the Court order the Government to produce all evidence as discussed and referenced above.

Respectfully submitted

KESTENBAUM EISNER & GORIN LLP

Dated: June 30, 2012     */S/ ALAN EISNER*

ALAN EISNER
Attorney for Defendant
JUAN GIL

**DECLARATION OF ALAN EISNER**

I, ALAN EISNER, do hereby declare as follows:

I have personal knowledge of the following facts and, if called as a witness, could and would competently testify thereto under oath.

1. I am an attorney, duly licensed and authorized to practice law in the State of California and am a member of the bar of this court. I am the attorney for Juan Gil in the above-entitled case.

2. I make this declaration in support of Mr. Gil's Motion for Court Order Compelling Government to Produce Evidence.

3. On August 25, 2011 I sent AUSA Reema El-Amamy a discovery request on behalf of Mr. Gil seeking the disclosure of material which relates to the legality of the Government's wiretapping efforts in this case. A true and correct copy of my discovery request is attached as Exhibit A. This letter requested discovery material concerning both the state and federal wiretap applications in this case. I had previously requested material relating to only the state wiretap applications on June 10, 2011. (Exhibit B)

4. On September 12, 2011, after the government did not respond to the two letter requests for discovery, defendant filed a Motion to Compel Discovery of Wiretap Materials. [Doc. 1325]. Defendant subsequently took this hearing off calendar [Doc. 1365] in order to meet and confer with the government to attempt to resolve these discovery issues.

5. On January 11, 2012 defense counsel met with government counsel to address the outstanding discovery issues. During that meeting, in response to defendant's request, government counsel proposed to create an index which would demonstrate where the requested materials were in the discovery provided, and, if requested items had not yet been produced, the government would produce those materials. Government counsel further stated that she would make a diligent response to defendant's requests,

even proposing to have one of her agents devote the necessary time to accomplish the task.

6. Subsequent to the parties meet and confer, defendant Gil has received 40 pages of surveillance reports. These reports were simply duplicates of material previously provided in the original discovery. Government counsel did not, and has not since provided, an index as promised, nor has she provided subsequently any material responsive to defendant's request.

7. On February 20, 2012, defense counsel again formally expressed defendant's concern about the government's failure to provide discovery material necessary for it to competently prepare wiretap motions in this case. A copy of that letter is attached hereto as Exhibit C. Based on the fact that over the last ten months the government has not provided one document in response to defendant's wiretap discovery request, it appears a court order is necessary in order to insure that the materials are disclosed.

8. As a matter of my professional judgment, I believe that the materials requested in this motion are essential to enabling the defense to investigate, prepare, and litigate a competently researched and developed motion to suppress evidence obtained by the wiretaps. The failure to enable defense counsel to access the requested materials would deprive them of a meritorious defense to the Government's evidence and case in chief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of June, 2012, at Van Nuys, California.

*/S/ ALAN EISNER*
ALAN EISNER