**O**

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ARMANDO BARAJAS,<br>Defendant. | Case No. 2:10-cr-00351-ODW-1<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT** |

Defendant Armando Barajas objected to various paragraphs of his Presentence Report ("PSR") in which the United States Probation Office contends that Barajas is a "career offender" under United States Sentencing Guideline § 4B1.1(a). That Guideline provides that a "defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

The Government asserts that Barajas's 1985 conviction for first-degree burglary under California Penal Code section 459 constitutes a "crime of violence" under the Guidelines. The Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year,

that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The United States Supreme Court held in *Descamps v. United States*, 133 S. Ct. 2276 (2013), that a PC 459 conviction does not constitute "burglary" under U.S.S.G. § 4B1.2(a)(2)'s enumerated-felonies clause. But the parties disagree over whether Barajas's first-degree burglary conviction falls under the so-called "residual clause," that is, whether the conviction "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

The Government argues that the PC 459 conviction is a crime of violence under the Ninth Circuit's decision in *United States v. Park*, 649 F.3d 1175 (9th Cir. 2011). In that case, the Ninth Circuit specifically held that a PC 459 conviction constitutes a crime of violence under U.S.S.G. § 4B1.2(a)(2)'s residual clause—the exact issue presented here. The Government also cited a District of Montana decision in which the court found that it had to follow *Park* even in light of *Descamps* because the two decisions were not "clearly irreconcilable." *United States v. Bell*, CR 09-14-H-DWM, 2013 WL 6190281, at *9 (D. Mont. Nov. 26, 2013) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2012)). Essentially, the Government's position is that the Ninth Circuit has already decided the issue, and the Supreme Court's *Descamps* decision did not change residual-clause law, so the conviction still qualifies as a crime of violence.

But Barajas points out that the Supreme Court specifically left open whether a PC 459 conviction constitutes a crime of violence under the residual clause. *See Descamps*, 133 S. Ct. at 2293 n.6. The Court cited an Ninth Circuit interjudge split in which Chief Judge Kozinski dissented from the denial of rehearing *en banc* in a case in which the Court of Appeals held that a conviction under Oregon's first-degree burglary statute was a crime of violence under the Guideline's residual clause. *Id.* (citing *United States v. Mayer*, 560 F.3d 948 (9th Cir. 2009)). Judge Kozinski stated

that under the "categorical approach," the statute did not constitute a crime of violence, because Oregon prosecutes people for nonviolent burglary. *Mayer*, 560 F.3d at 951–52. Barajas contends that the same approach applies to PC 459 convictions. Since the Supreme Court held in *Descamps* that courts must use the categorical approach for indivisible statutes, and since PC 459 did not categorically constitute "generic" burglary, a PC 459 conviction would likewise not be a crime of violence under the residual clause.

The Ninth Circuit has determined that there is a two-part test to determine whether a conviction constitutes a "crime of violence" under the residual clause:

> First, the conduct encompassed by the elements of the offense, in the ordinary case, must present[ ] a serious potential risk of physical injury to another. Second, the state offense must be roughly similar, in kind as well as in degree of risk posed to those offenses enumerated at the beginning of the residual clause—burglary of a dwelling, arson, extortion, and crimes involving explosives.

*United States v. Park*, 649 F.3d 1175, 1177–78 (9th Cir. 2011) (citations omitted) (internal quotation marks omitted).

In *Park*, the Ninth Circuit held that a first-degree burglary conviction under PC 459 constitutes a crime of violence under the residual clause. The court noted that since first-degree residential robbery requires that a defendant enter an inhabited dwelling, Cal. Pen. Code § 460(a), there is an inherent risk of serious violence in the event that a burglar encounters an occupant. 649 F.3d at 1178–80. The California Supreme Court has emphasized this danger concern. *People v. Davis*, 18 Cal. 4th 712, 721 (1998). Further, burglary is of course "roughly similar" to generic burglary. *Park*, 649 F.3d at 1180.

In *Descamps*, the Supreme Court specifically held that a PC 459 conviction does not constitute "burglary" under U.S.S.G. § 4B1.2(a)(2)'s enumerated-felonies clause. 133 S. Ct. at 2293. But the Court expressly declined to determine whether it

would also be a crime of violence under the residual clause—the issue in Barajas's case. *Id.* at n.6.

The Court concluded that a sentencing court must use the "categorical" approach to determine whether PC 459 constitutes a crime of violence because PC 459 is an "indivisible statute." *Id.* at 2285–86. This means that a sentencing court cannot look beyond the crime's elements, such as reviewing the charging document or jury instructions. PC 459 is "indivisible" because the crime does not include punishment for both generic burglary and California's more relaxed version of burglary—it only covers the relaxed, no-unlawful-entry-needed burglary. *Taylor v. United States*, 495 U.S. 575, 599 (1990).

The Court concluded that since PC 459 does not include an unlawful-entry element, it does not constitute "generic" burglary. *Descamps*, 133 S. Ct. at 2285–86. Generic burglary means that the statute penalizes the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. PC 459 thus is not a crime of violence under the U.S.S.G. § 4B1.2(a)(2)'s enumerated-felonies clause.

The issue of whether a PC 459 conviction still qualifies as a crime of violence under the Guideline's residual clause is an unsettled issue in light of *Descamps*. But as the court in *Bell* concluded, a district court has no power to change circuit law unless the two decisions are "clearly irreconcilable." 2013 WL 6190281, at *5. The court concluded that *Descamps* and *Park* were not, because the Ninth Circuit relied on residual-clause Supreme Court cases such as *James v. United States*, 550 U.S. 192 (2007), *Begay v. United States*, 553 U.S. 137 (2008), and *Sykes v. United States*, 131 S. Ct. 2267 (2011), to conclude that PC 459 fell under the residual clause. The majority opinion in *Descamps* did not even cite those cases—let alone overrule or limit them.

The district court's decision in *Bell* is persuasive. Whether a particular statute qualifies as a crime of violence under the enumerated-felonies clause or under the

residual clause involves two distinct inquiries. As the Court in *Descamps* makes clear, one must use the categorical approach to determine whether a conviction under an indivisible statute like PC 459 requires proof of the same elements as the "generic" offense. PC 459 of course does not.

But whether a conviction is a crime of violence under the residual clause triggers a completely different inquiry. A sentencing court still uses the categorical approach for an indivisible statute like PC 459. But the issue now is not whether the statute's elements are like the generic offense; rather, the analysis is whether (1) the offense conduct presents a serious risk of potential injury to another, and (2) is "roughly similar" to an enumerated offense. *Descamps* does not mention, touch upon, overrule, or limit this test or the cases that established it. *Park*—since it rested wholly on residual-clause case law—is thus still good law.

Barajas correctly points out that the Court must apply the categorical approach to PC 459. But much of the confusion in PC 459 residual-clause case law might arise from the issue of degrees and how those degrees factor into the categorical approach. Burglary in California may be one of two degrees: it is either first degree if a defendant enters an inhabited dwelling, vessel, floating home, or trailer coach or second degree in all other circumstances. *Compare* Cal. Pen. Code § 460(a), *with* (b).

In *Park*, the Ninth Circuit dealt only with first-degree burglary—the subject of Barajas's 1985 conviction. *See* 649 F.3d at 1177 ("The only question raised in this appeal is whether California first-degree burglary categorically falls within section 4B1.2(a)(2)'s 'residual clause,' in that it involves conduct that presents a serious potential risk of physical injury to another." (internal quotation marks omitted)). That fact is crucial because, as the Court of Appeals noted, the California Legislature was specifically concerned with risk of personal injury inherent in defendants entering inhabited dwellings. *Id.* at 1178–80 (citing *People v. Rodriguez*, 122 Cal. App. 4th 121, 132–33 (Ct. App. 2004) (observing that an inhabitant is more likely to react violently to someone burglarizing her home than, say, a business)). If a defendant

1  commits second-degree burglary, the "serious risk of potential injury to another" is
2  reduced—thereby taking the lesser offense out of U.S.S.G. § 4B1.2(a)(2)'s ambit. *See*
3  *Rodriguez*, 122 Cal. App. 4th at 132–33.

4  In *Descamps*, the Supreme Court did not differentiate between first- and
5  second-degree burglary under PC 459. And for good reason. Neither first- nor
6  second-degree burglary in California requires proof of unlawful entry, so neither has
7  the same elements as "generic" burglary. This is because the degree distinction in
8  California rests not upon the type of entry but rather upon whether the structure
9  entered is inhabited. *See* Pen. Code § 460. The Supreme Court therefore did not have
10 to address the different degrees of burglary to conclude that a PC 459 conviction does
11 not qualify as a "crime of violence" under § 4B1.2(a)(2)'s first clause—and its
12 holding is that much more removed from the residual clause.

13 But just like in *Park*, whether Barajas's 1985 burglary conviction constitutes a
14 "crime of violence" does require the Court to distinguish between the varying degrees.
15 Had Barajas been convicted of second-degree burglary, his conviction would not have
16 qualified under the residual clause, because there would be no "serious potential risk
17 of physical injury to another" using the categorical approach.

18 This degree-specific approach—though not used by name in current case law—
19 resolves any perceived conflict between *Descamps* and *Park* while holding true to the
20 categorical approach. The Court need not look anywhere beyond the statute of
21 conviction to determine whether Barajas's first-degree burglary conviction involved a
22 serious risk of personal injury; the degree says it all.

23 Neither does this degree-specific approach impermissibly render PC 459
24 divisible. The statute would only be divisible if it penalized both generic burglary and
25 California's more relaxed version of burglary. But under either degree, PC 459 still
26 does not include an unlawful-entry requirement. This prevents the statute from
27 constituting generic burglary under any application. PC 459 thus remains indivisible
28 as the Supreme Court has interpreted.

Barajas posits a hypothetical situation to argue that PC 459 "sweeps more broadly than the generic crime." (ECF No. 2500, at 7–8.) He argues that since it would be first-degree burglary for "a thief to enter a dwelling on a Sunday real estate open house intending to steal silverware at the first covert opportunity," the Court should read PC 459 categorically out of the residual clause. But Barajas cannot have it both ways: a sentencing court must apply the categorical approach to PC 459, which precludes any reliance upon the particular facts underlying the conviction. That a defendant could be convicted of first-degree burglary for stealing silverware at an open house does not alter the inquiry. The facts are completely irrelevant; what matters is the elements—elements which will never change.

It is also immaterial whether California first-degree burglary "sweeps more broadly than the generic crime." The generic crime's elements only bear upon whether a statute of conviction falls under the enumerated-felonies prong. They do not factor into the residual-clause analysis. Barajas's reliance on *United States v. Dominguez-Maroyoqui*, 2014 WL 1344472 (9th Cir. Apr. 7, 2014), is therefore misplaced.

No one disputes the Ninth Circuit's holdings in *Park* that a California first-degree burglary conviction like Barajas's satisfies the two-prong residual-clause test to qualify as a crime of violence. Looking only to PC 459's elements, Barajas's burglary presented a serious risk of potential injury and was roughly similar to generic burglary. It therefore meets the "crime of violence" definition under U.S.S.G. § 4B1.2(a)(2).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

The Court finds that the Government properly invoked U.S.S.G. § 4B1.1's career-offender enhancement. The Court accordingly **OVERRULES** Barajas's objections in the PSR relating to this finding.

**IT IS SO ORDERED.**

April 23, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**